UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
YOCASTA SANCHEZ,                                                    Civil Action No: 16-cv-8677

                                Plaintiff,

    -against-

ROBERT C. EHRLICH, JAMIE L. HEIBERGER,
HEIBERGER & ASSOCIATES, P.C., DANIEL
WRUBLIN, DALAN MANAGEMENT ASSOCIATES,
INC., and 682 INWOOD OWNER, LLC.,

                                Defendants.
------------------------------------------------------------------X

       Defendants Daniel Wrublin, Dalan Management Associates, Inc. and 682 Inwood Owner, LLC (hereinafter the "Answering Defendants")[1], by and through their attorneys, Nesenoff & Miltenberg, LLP, as and for their Cross-Claims and Answer to the Complaint, respectfully allege as follows:

       1.       Paragraph 1 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Answering Defendants deny each and every allegation in paragraph 1 of the Complaint.

       2.       Paragraph 2 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Answering Defendants deny each and every allegation in paragraph 2 of the Complaint.

       3.       Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 3 of the Complaint.

       4.       Answering Defendants deny each and every allegation contained in paragraph 4 of the Complaint except to admit the existence of letters dated April 24, 2012, November 18, 2013,

---

[1] For the purposes of this Answer with Cross-Claims, the remaining Defendants Robert C. Ehrlich, Jamie L. Heiberger, and Heiberger & Associates, P.C. shall hereinafter be referred to as the "Law Office Defendants."

and November 10, 2015, and respectfully refer the court to the letters for a complete and accurate statement of their contents.

5. Answering Defendants deny each and every allegation contained in paragraph 5 of the Complaint, except to admit that nonpayment proceedings were commenced on May 25, 2012, December 9, 2014, and November 19, 2015.

6. Paragraph 6 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary Answering Defendants deny each and every allegation in paragraph 6 of the Complaint.

7. Paragraph 7 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Answering Defendants deny each and every allegation in paragraph 7 of the Complaint.

8. Paragraph 8 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Answering Defendants deny each and every allegation in paragraph 8 of the Complaint.

9. Paragraph 9 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Answering Defendants deny each and every allegation in paragraph 9 of the Complaint.

10. Paragraph 10 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Answering Defendants deny each and every allegation in paragraph 10 of the Complaint.

11. Paragraph 11 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Answering Defendants deny each and every allegation in paragraph 11 of the Complaint.

12. Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 12 of the Complaint.

13. Paragraph 13 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Answering Defendants deny each and every allegation in paragraph 13 of the Complaint.

14. Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 14 of the Complaint.

15. Paragraph 15 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Answering Defendants deny each and every allegation in paragraph 15 of the Complaint.

16. Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 16 of the Complaint.

17. Paragraph 17 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Answering Defendants deny each and every allegation in paragraph 17 of the Complaint.

18. Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 18 of the Complaint.

19. Paragraph 19 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Answering Defendants deny each and every allegation in paragraph 19 of the Complaint.

20. Answering Defendants admit the allegations contained in paragraph 20 of the Complaint.

21. Answering Defendants admit the allegations contained in paragraph 21 of the Complaint, except to deny that "Dalan Management regularly engages in the business of collecting rent on behalf of Inwood Owner by collection letters, calls, and in-person interactions with tenants" and further deny that "Dalan Management also communicates with Inwood Owner and the attorneys regarding the initiation lawsuits against tenants."

22. Paragraph 22 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Answering Defendants deny each and every allegation in paragraph 22 of the Complaint.

23. Answering Defendants admit the allegations contained in paragraph 23 of the Complaint, except to deny that "Wrublin as the head officer of Dalan Management engages in the business of collecting rent on behalf of Inwood Owner by collection letters, in person interactions with tenants and initiating lawsuits to collect on alleged rental arrears."

24. Paragraph 24 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Answering Defendants deny each and every allegation in paragraph 24 of the Complaint.

25. Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 25 of the Complaint.

26. Answering Defendants admit the allegations contained in paragraph 26 of the Complaint, except to deny that the "property [was] owned by Inwood Owners, and operated by Wrublin and Dalan Management."

27. Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 27 of the Complaint.

28. Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 28 of the Complaint.

29. Paragraph 29 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Answering Defendants deny each and every allegation in paragraph 29 of the Complaint except to admit that Answering Defendant Inwood Owner participates in the NYCHA Housing Choice Voucher Program, also known as Section 8.

30. Answering Defendants deny each and every allegation contained in paragraph 30 of the Complaint.

31. Answering Defendants deny each and every allegation contained in paragraph 31 of the Complaint except to admit the existence of a letter dated April 24, 2012, and respectfully refer the court to the letter for a complete and accurate statement of its contents.

32. Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 32 of the Complaint. Answering Defendants respectfully refer the court to the verified petitioner filed in the proceeding under the clerk's index number L&T 66860/2012 for a complete and accurate statement of its contents.

33. Answering Defendants deny each and every allegation contained in paragraph 33 of the Complaint, except to admit that the proceeding under Index No. L&T 66860/2012 was discontinued. Answering Defendants respectfully refer the court to the Stipulation of Settlement for a complete and accurate statement of its contents.

33[2]. Answering Defendants deny each and every allegation contained in paragraph 33 of the Complaint.

---

[2] Answering Defendants note that the Complaint contains two paragraphs numbered "33." For consistency purposes, Answering Defendants have similarly included two paragraphs numbered "33."

34. Answering Defendants deny each and every allegation contained in paragraph 34 of the Complaint, except to admit the existence of a letter dated November 18, 2013, and respectfully refer the court to the November 18, 2013 letter for a complete and accurate statement of its contents.

35. Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 35 of the Complaint. Answering Defendants respectfully refer the court to the verified petition filed in the proceeding under the clerk's index number L&T 90082/2013 for a complete and accurate statement of its contents.

36. Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 36 of the Complaint.

37. Answering Defendants deny each and every allegation contained in paragraph 37 of the Complaint, except to admit that the proceeding under Index No. L&T 90082/2013 was discontinued. Answering Defendants respectfully refer the court to the Stipulation of Discontinuance for a complete and accurate statement of its contents.

38. Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 38 of the Complaint.

39. Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 39 of the Complaint.

40. Answering Defendants deny each and every allegation contained in paragraph 40 of the Complaint, except to admit the existence of a letter dated November 10, 2015, and respectfully refer the court to the November 10, 2015 letter for a complete and accurate statement of its contents.

41. Paragraph 41 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Answering Defendants deny each and every allegation in paragraph 41 of the Complaint.

42. Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 42 of the Complaint. Answering Defendants respectfully refer the court to the verified petition filed in the proceeding under the clerk's index number L&T 84736/2015 for a complete and accurate statement of its contents.

43. Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 43 of the Complaint.

44. Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 44 of the Complaint and respectfully refer the Court to the referenced Decision and Order for a full recitation of a complete and accurate statement of its contents.

45. Answering Defendants deny each and every allegation contained in paragraph 45 of the Complaint.

46. Answering Defendants deny each and every allegation contained in paragraph 46 of the Complaint.

47. Answering Defendants deny each and every allegation contained in paragraph 47 of the Complaint.

48. Answering Defendants deny each and every allegation contained in paragraph 48 of the Complaint.

49. Answering Defendants repeat and re-allege each and every response as set forth above, herein.

50. Paragraph 50 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Answering Defendants deny each and every allegation in paragraph 50 of the Complaint.

51. Answering Defendants deny each and every allegation contained in paragraph 51 of the Complaint.

52. Answering Defendants deny each and every allegation contained in paragraph 52 of the Complaint.

53. Answering Defendants repeat and re-allege each and every response as set forth above, herein.

54. Paragraph 54 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Answering Defendants deny each and every allegation in paragraph 54 of the Complaint.

55. Answering Defendants deny each and every allegation contained in paragraph 55 of the Complaint.

56. Answering Defendants deny each and every allegation contained in paragraph 56 of the Complaint.

57. Paragraph 57 of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Answering Defendants deny each and every allegation in paragraph 57 of the Complaint.

58. Answering Defendants deny each and every allegation contained in paragraph 58 of the Complaint.

59. Answering Defendants deny knowledge and information sufficient to form a belief as to the allegations contained in paragraph 59 of the Complaint.

60. Answering Defendants deny each and every allegation contained in paragraph 60 of the Complaint.

61. Answering Defendants deny each and every allegation contained in paragraph 61 of the Complaint.

62. Answering Defendants repeat and re-allege each and every response as set forth above, herein.

63. Answering Defendants deny each and every allegation contained in paragraph 63 of the Complaint.

64. Answering Defendants deny each and every allegation contained in paragraph 64 of the Complaint.

65. Answering Defendants deny each and every allegation contained in paragraph 65 of the Complaint.

66. Answering Defendants deny each and every allegation contained in paragraph 66 of the Complaint.

67. Answering Defendants repeat and re-allege each and every response as set forth above, herein.

68. Answering Defendants deny each and every allegation contained in paragraph 68 of the Complaint.

69. Answering Defendants deny each and every allegation contained in paragraph 69 of the Complaint.

70. Answering Defendants deny each and every allegation contained in paragraph 70 of the Complaint.

71. Answering Defendants deny each and every allegation contained in paragraph 71 of the Complaint.

72. Answering Defendants repeat and re-allege each and every response as set forth above, herein.

73. Paragraphs 73(a)(b)(c)(d) of the Complaint calls for a legal conclusion to which no response is required. To the extent a response is necessary, Answering Defendants deny each and every allegation in paragraphs 73(a)(b)(c)(d) of the Complaint.

74. Answering Defendants deny each and every allegation contained in paragraphs 74(a)(b)(c)(d) of the Complaint.

75. Answering Defendants deny each and every allegation contained in paragraph 75 of the Complaint.

76. Answering Defendants deny each and every allegation contained in paragraph 76 of the Complaint.

77. Answering Defendants deny each and every allegation contained in paragraph 77 of the Complaint.

78. Answering Defendants repeat and re-allege each and every response as set forth above, herein.

79[3]. Answering Defendants deny each and every allegation contained in paragraph 79 of the Complaint.

80. Answering Defendants deny each and every allegation contained in paragraph 80 of the Complaint.

81. Answering Defendants deny the allegations contained in paragraph 81 of the Complaint.

---

[3] Answering Defendants note that Paragraphs "79" of the Complaint does not contain a full allegation.

## ANSWERING DEFENDANTS' AFFIRMATIVE DEFENSES

## RESERVATION OF RIGHTS

Answering Defendants hereby give notice to Plaintiff that they lack sufficient knowledge or information upon which to form a belief as to the truth of certain allegations contained in the claims, or specific knowledge of actions on Plaintiff's and/or the Law Office Defendants' part or other persons that contributed to or caused Plaintiff's alleged damages. Until Answering Defendants avail themselves of their rights of disclosure, Answering Defendants cannot determine whether the above affirmative defenses will be asserted at trial. Answering Defendants assert these defenses in their answer to preserve Answering Defendants' right to assert theses affirmative defenses at trial, to give Plaintiff notice of Answering Defendants' intention to assert these defenses, and to avoid waiving any of these defenses. Answering Defendants reserve their right to add additional affirmative defenses as may become known to Answering Defendants during disclosure, by discovery or otherwise.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

82. The Complaint fails to state a cause of action upon which relief can be granted. As such, the Complaint should be dismissed in its entirety.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

83. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

84. Any injuries or damages, if any, sustained or incurred by Plaintiff were caused, or contributed to, by the acts, omissions, negligence or other wrongful conduct of Plaintiff or its affiliates, agents, and/or representatives, or of others acting under the direction or control of Plaintiff or its affiliates or on its behalf. Such acts, omissions, negligence or other wrongful conduct are a

bar to any recovery by Plaintiff, or in the alternative any recovery by Plaintiff against Defendants should be reduced in proportion to the extent that such acts, omissions, negligence or other wrongful acts caused or contributed to the amount of injuries or damages, if any, sustained or incurred by Defendants, up to and including one hundred percent of any such amount.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

85. Plaintiff's causes of action are barred by waiver and estoppel.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

86. By Plaintiff's acts, omissions, breaches, defaults, neglect and improper and wrongful conduct, Plaintiff caused, or substantially contributed to causing the losses and damages alleged to have been suffered or incurred by Plaintiff in connection with the matters alleged in the Complaint.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE

87. Plaintiff's claims are barred, in whole or in part, by the terms of the Agreement.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

88. Plaintiff's claims are barred, in whole or in part, by the doctrine of ratification.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

89. Plaintiff's claims are barred, in whole or in part, by the doctrine of laches.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

90. Plaintiff's claims are barred, in whole or in part, by the doctrine of accord and satisfaction.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

91. Plaintiff's claims are barred, in whole or in part, by the doctrine of novation.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

92.     Plaintiff's claims are barred, in whole or in part, on the grounds that Plaintiff failed to mitigate her alleged damages.

### AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

93.     Plaintiff's claims are barred, in whole or in part, on the grounds that any and all actions taken by Answering Defendants were taken in good faith.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

94.     To the extent or in the event Plaintiff's First Claim for Relief under the Fair Debt Collection Practices Act is time-barred[4], this court lacks subject matter jurisdiction over Plaintiff's remaining claims against Answering Defendants.

### ANSWERING DEFENDANTS' CROSS-CLAIM AGAINST CO-DEFENDANTS ROBERT C. EHRLICH, JAMIE L. HEIBERGER, AND HEIBERGER & HEIBERGER ASSOCIATES, P.C.

Answering Defendants Daniel Wrublin, Dalan Management Associates, Inc. and 682 Inwood Owner, LLC., by and through their attorneys Nesenoff & Miltenberg, LLP., as and for their cross-claims pursuant to Federal Rule of Civil Procedure 13(g) against Co-Defendants Robert C. Ehrlich, Jamie L. Heiberger, and Heiberger & Heiberger Associates, P.C. (collectively the "Law Office Defendants"), allege as follows:

### JURISDICTION AND VENUE

95.     The Cross-Claim(s) set forth herein arises out of the same transaction and occurrences that are set forth in the Complaint.

---

[4] Answering Defendants note that the Law Office Defendants filed a motion to dismiss for law of jurisdiction based on Plaintiff's untimely filing under the Fair Debt Collection Practices Act.

96. If jurisdiction and venue are proper with respect to the Complaint, it is proper with respect to the Answering Defendants for the purpose of the(se) Cross- Claim(s).

## FIRST CROSS-CLAIM AGAINST THE LAW OFFICE DEFENDANTS FOR INDEMNIFICATION AND/OR CONTRIBUTION PURSUANT TO FRCP 13(g)

97. Answering Defendants have denied, and continue to deny, any and all responsibility and/or liability for the allegations alleged in Plaintiff's Complaint.

98. To the extent the it is found that Plaintiff has been damaged by any direct and/or indirect act of Answering Defendants, which Answering Defendants deny, then, upon said allegations of the Complaint and upon the pleadings and evidence, said damages were sustained by the reason of the sole, active, and primary carelessness and/or recklessness and/or negligence and/or affirmative acts or omissions and/or other actions by the Law Office Defendants.

99. As a result thereof, Answering Defendants are entitled to complete indemnification by the Law Office Defendants from any judgment entered against Answering Defendants in favor of Plaintiff.

100. In the event that Answering Defendants are not indemnified in full from any judgment entered against them in favor of Plaintiff, then Answering Defendants demand judgment pursuant to Federal Rule of Civil Procedure 13(g) over and against the Law Office Defendants herein for contribution on the basis of an apportionment of responsibility for the alleged acts, occurrence, and/or omissions alleged in the Complaint filed by Plaintiff for all or part of judgment or verdict that Plaintiff may recover against Answering Defendants, together with costs, disbursements, and reasonable attorneys' fees.

**WHEREFORE**, Answering Defendants demand judgment against Plaintiff and the Law Office Defendants as follows:

(i) dismissing Plaintiff's Complaint in its entirety;

(ii) granting the Cross-Claim for Contribution and Indemnification as against Defendants Robert C. Ehrlich, Jamie L. Heiberger, and Heiberger & Associates, P.C.; and

(iii) awarding Answering Defendants the costs and disbursements of this action, including reasonable attorney's fees, along with such other and further relief as the Court deems just and proper.

Dated: New York, New York
February 16, 2017

NESENOFF & MILTENBERG LLP.
Attorneys for Answering Defendants
Daniel Wrublin, Dalan Management Associates, Inc. and 682 Inwood Owner, LLC.

By: _____
Andrew T. Miltenberg, Esq. (AM-7006)
Gabrielle M. Vinci, Esq. (GM-8390)
363 Seventh Avenue - Fifth Floor
New York, New York 10001
(212) 736-4500