UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____X

YOCASTA SANCHEZ,                                        Civil Action No. 16-CV-8677

                                    *Plaintiff(s)*,

    - against –

ROBERT C. EHRLICH, JAMIE L. HEIBERGER,
HEIBERGER & ASSOCIATES, P.C.,
DANIEL WRUBLIN,
DALAN MANAGEMENT ASSOCIATES, INC.,
682 INWOOD OWNER, LLC,

                                    *Defendant(s)*.

_____X


## PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS

Tashi T. Lhewa, Esq.
Of Counsel to Seymour W. James, Jr.
THE LEGAL AID SOCIETY
120-46 Queens Blvd., 3rd Floor
Kew Gardens, NY 11415
(718) 286-2474
(646) 616-9433 (Facsimile)
TTLhewa@Legal-Aid.org

Attorneys for Plaintiff


Dated: March 16, 2017

# **TABLE OF CONTENTS**

Page

TABLE OF AUTHORITIES.................................................................... 2

PRELIMINARY STATEMENT .......................................................... 5

ARGUMENT...................................................................................... 6

I. THE FDCPA CLAIMS WERE ASSERTED WITHIN THE ONE YEAR
STATUTE OF LIMITATIONS PERIOD............................................ 6

II. THE FDCPA CLAIM IS WITHIN THE LIMITATIONS PERIOD,
THEREFORE, A FEDERAL QUESTION AND SUBJECT MATTER
JURISDICTION EXISTS OVER THE STATE CLAIMS......................... 7

III. THE COMPLAINT STATES CLAIMS FOR NEGLIGENCE PER SE
AND GROSS NEGLIGENCE, BASED UPON DUTY DERIVED
FROM THE FDCPA, G.B.L. § 349, AND COMMON LAW.................... 9

IV. THE TRANSACTIONS BETWEEN DEFENDANTS AND PLAINTIFF
WERE CONSUMER ORIENTED AND DEFENDANTS' PATTERN AND
PRACTICE OF BEHAVIOR HAS AN IMPACT ON THE PUBLIC........... 11

    A. Defendants' offending contact is consumer oriented,
    as required by G.B.L. § 349.................................................... 11

    B. Plaintiff has laid out a prima facie case for Abuse of Process................ 16

CONCLUSION ................................................................................. 18

## TABLE OF AUTHORITIES

Page(s)

**CASES**

23 Realty Associates v. Teigman, 213 A.D.2d 306 (1st Dept. 1995)……………...……………..14

Aguaiza v. Vantage Props., LLC, 2009 WL 1511791 (N.Y. Sup. 2009)………………...…….13, 14

Barnes v. Stone-Quinn, 195 A.D.2d 12, 16 (4th Dept. 1993)……………………………..…………9

Bildstein v. MasterCard Intern. Inc., 329 F. Supp. 2d 410, 413 (S.D.N.Y. 2004)………..………10

Buyers and Renters United to Save Harlem v. Pinnacle Group N.Y. LLC,
575 F. Supp. 2d 499 (S.D.N.Y. 2008)…………………………………………………………...15

Bryant v. Casco Bay Realty Ltd. 69135/12, NYLJ 1202726157374 at *1
(N.Y. Sup. Ct. 2015)…………………..…………………………………………………………14

Caceci v. Di Canio Consr. Corp. 72 N.Y.2d 52, 530 N.Y.S.2d 771 (N.Y. 1988)…………...…13, 14

Calka v. Kucker, Kraus & Bruh, LLP, 1998 WL 437151, 3 (S.D.N.Y. 1998)...…………..………6

Colorado Capital v. Owens, 227 F.R.D. 181, 191 (E.D.N.Y. 2005)………………………...…10, 11

Craig Test Boring Co., Inc. v. Saudi Arabian Airlines Corp.,
138 F. Supp. 2d 553, 557 (S.D.N.Y. 2001)…………………………………………………......11

Douglas v. City of New York, 595 F.Supp.2d 333, 344 (S.D.N.Y. 2009)………………………16

Elliot v. City of New York, 724 N.Y.S.2d 397, 399 (N.Y. 2001)………………………………9

Finnegan v. Univ. of Rochester Med. Ctr., 21 F. Supp. 2d 223, 229 (W.D.N.Y. 1998)………...10

Frazier v. Priest, 534 N.Y.S.2d 846 (N.Y. Jefferson City Ct. 1988)…..…………………..…14

Friedman v. Maspeth Fed. Loan and Sav. Ass'n,
30 F. Supp. 3d 183, 191-92 (E.D.N.Y. 2014)……………………………………..…………12

Genesco Entertainment v Koch, 593 F. Supp. 743, 751 (S.D.N.Y. 1984)…………………….8

Harris v. Mills, 572 F.3d 6, 71 (2d Cir. 2009)……………………………………………….8

2

## TABLE OF AUTHORITIES (cont'd)

Hawkins-El v. First Am. Funding, LLC, 891 F. Supp. 2d 402, 412 (E.D.N.Y. 2012)
affd, 529 F. Appx. 45 (2d Cir. 2013)...................................................................................10

In re September 11 Litig., 280 F. Supp. 2d 279, 290 (S.D.N.Y. 2003)...............…................9

Jagger v. Katz Park Ave. Corp., 943 N.Y.S.2d 792 (N.Y. App. Term 2011)......................…12

Kalican v. Dzurenda, 583 F. Appx. 21, 23 (2d Cir. 2014)...…..........................................7

Lee Sharoni, Ltd. V. Honeywell, Inc., 206 A.D.2d 462, 462 (2d Dept. 1994).....................…11

Lozano v. Grunberg, 195 A.D.2d 308 (1st Dept. 1993)..............................................…14

Meyerson v. Prime Realty Services LLC, 796 N.Y.S.2d 848 (N.Y. Sup. Ct. 2005)...............14

Miller v. Boyanski, 25 Misc. 3d 1228(A), 906 N.Y.S.2d 774 (Table)
(N.Y. Watertown City Ct. 2009)......................................................................................14

Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A.,
647 N.E.2d 741 (N.Y. 1995).......................................................................................12, 15

Palka v. Servicemaster Mgt. Services Corp., 83 N.Y.2d 579, 588 (1994)...........................9

Park West Mgmt. Corp. v. Mitchell, 47 N.Y.2d 316, 418 N.Y.S.2d 310,
cert denied, 444 U.S. 992 (N.Y. 1979)..............................................................................14

Randi A.J. v. Long Is. Surgi-Ctr., 46 A.D.3d 74, 80 (2d Dept. 2007)...............…..............11

Reynolds v. Lifewatch, Inc., 136 F. Supp. 3d 503 (S.D.N.Y. 2015)...................................12

Romea v Heiberger & Assoc., 163 F.3d 111, 118 (2d Cir. 1998)......................................10

Russell v. Equifax A.R.S., 74 F.3d 30, 32 (2d Cir. 1996)..............................................10

Silverman v. Household Fin. Realty Corp. of New York, 979 F. Supp. 2d 313
(E.D.N.Y. 2013).........................................................................................…................12

Sorrentino v. ASN Roosevelt Center LLC, 579 F. Supp. 2d 387 (E.D.N.Y. 2008)................15

Tacopina v. O'Keefe, 2015 WL 5178405 (S.D.N.Y. 2015)...........................…................16

Teller v. Bill Hayes Ltd. 213 A.D.2d 141 (2d Dept. 1995)................................................8

Travieso v. Gutman, 1995 WL 704778, *7 (E.D.N.Y. 1995)..........................................15

**TABLE OF AUTHORITIES (cont'd)**

U.S. v. Wahl, 583 F.2d 285 (6th Cir. 1978)………………………………………………7

Wheeler v. Standard Tool & Mfg. Co., 311 F. Supp. 1177 (S.D.N.Y. 1970)…………..…………7

Wilson v. Northwestern Mut. Ins. Co., 625 F.3d 54 (2d Cir. 2010)……………………………..12

**STATUTES AND RULES**

28 U.S.C. § 1367………………………………………………………...……………………8

15 U.S.C. § 1692.,…………………………………………………………………………….6

15 U.S.C. §1692k(d)………………………………………………………………………….6

15 USCA § 1692(e)………………………………………………………...…………………10

15 U.S.C. §§ 1692(f)…………………………………………………………………………10

15 USCA § 1692(h)……………………………………………………...……………………10

New York General Business Law § 349……………………………………...…………5, 8, 10, 11-15

New York General Business Law § 601………………………………………………………10

Federal Rules of Civil Procedure, Rule 3…………………………………………………….7

Federal Rules of Civil Procedure, Rule 4(b)…………………………………………………7

Real Property Law § 235……………………………………………………………...………14

## PRELIMINARY STATEMENT

Plaintiff, Yocasta Sanchez, by her counsel, respectfully submits this Memorandum of Law in Opposition to Defendants', Robert C. Ehrlich, Jamie L. Heiberger, and Heiberger & Associates P.C. (hereinafter "Defendants"), Motion to Dismiss Plaintiff's Complaint. Defendant's Motion to Dismiss is meritless; it confuses the law with respect to each cause of action in this case.

Ms. Sanchez respectfully requests that the Court refer back to the facts presented in the Complaint, but we also wish to correct several misstatements in Defendant's Memorandum of Law in Support of its Motion to Dismiss. The repeated collection attempts led to more than Ms. Sanchez being "tangibly inconvenienced". Def. Mem. at 4. They threatened her with eviction, put her at risk of homelessness, hindered her ability to secure alternative housing, and caused mental distress and emotional anguish that required medical attention, among other damages. Complaint ¶¶ 46, 47. The 2015 housing court case was not "discontinued within only a few appearances." Def. Mem. at 4. Defendants opposed Ms. Sanchez's motion for summary judgment, and the court granted it to the extent of dismissing the landlord's case about eight months after it began. (Complaint ¶ 44). What defendants characterize as an "issue in updating Plaintiff's arrears" was not due to routine rent adjustments by NYCHA Section 8. Def. Mem. At 3. The misrepresentations about how much Ms. Sanchez owed occurred because Defendants refused to correct their records and insisted on collecting more than the tenant share from her. Complaint ¶ 30, 33-34, 39-41, 43.

Plaintiff's Complaint establishes claims under the Fair Debt Collection Act ("FDCPA"), New York Consumer Protection Act – General Business Law ("GBL") § 349, and common law.

15 U.S.C. § 1692. Taking all factual allegations in the Complaint to be true and drawing all

reasonable inferences in Plaintiff's favor, Defendants' motion should be denied.

## ARGUMENT

## I.   THE FDCPA CLAIMS WERE ASSERTED WITHIN THE ONE YEAR STATUTE OF LIMITATIONS PERIOD.

A claim under the FDCPA must be brought within one year from the date on which the

violations occurs. 15 U.S.C. §1692k(d). Calka v. Kucker, Kraus & Bruh, LLP, 1998 WL 437151,

3 (S.D.N.Y. 1998) (FDCPA claim accrued on date state court lawsuit was filed).

It is undisputed that the most recent rent demand in the underlying New York County

Housing Court action was dated November 10, 2015.[1] On or about November 25, 2015,

Defendants commenced the 2015 housing court case by filing a Notice of Petition and Petition

dated November 19, 2015. Therefore Ms. Sanchez's FDCPA claim accrued at the earliest on

November 10, 2015 or as late as November 25, 2015.

Defendants incorrectly argues that the instant action commenced on December 8, 2016,

with the issuance of the Summons and Complaint, and that "any filings in the instant proceeding

on November 9, 2016 cannot be found to equate to the filing of a summons and complaint."

Def.'s Mem. Supp. 5.

Plaintiff electronically filed its Complaint, Request for Issuance of Summons, Civil

Cover Sheet, and Request to Proceed *In Forma Pauperis* ("IFP") on November 9, 2016.[2]

---

[1] A copy of the November 10, 2015 rent demand letter is set forth in the Complaint attached as Exhibit A.

[2] A copy of the November 9, 2016 Notice of Electronic Filing of the complaint, request for issuance of summons, civil cover sheet, and request to proceed IFP is attached as Exhibit B.

Moreover, the case was assigned to Judge Loretta A. Preska and Magistrate Judge Debra C.
Freeman on the same date.[3] The Order granting the IFP application was issued on November 18,
2016.[4] The signed Summons was electronically issued to Plaintiff by the Court on December 8,
2016, but the actual Summons is dated November 9, 2016, the date of the actual filing.[5] [6]

Per the Federal Rules of Civil Procedure, "a civil action is commenced by filing a
complaint with the court." Fed. R. Civ. P. 3. Plaintiffs are required to present a summons to the
court clerk for signature and seal on or after filing the complaint; if completed properly, the clerk
will issue the summons for service on the defendant(s). Fed. R. Civ. P. 4(b). Federal courts have
reiterated that for purposes of statute of limitations, a federal action is commenced when the
complaint is filed without any further requirements. See, e.g., U.S. v. Wahl, 583 F.2d 285 (6th
Cir. 1978); Wheeler v. Standard Tool & Mfg. Co., 311 F. Supp. 1177 (S.D.N.Y. 1970); Kalican
v. Dzurenda, 583 F. Appx. 21, 23 (2d Cir. 2014) (complaint is deemed filed when the clerk of
court receives it.).

Because the Summons and Complaint in this case were filed on November 9, 2016,
within the one year statute of limitations for FDCPA claims, Plaintiff's causes of action arising
under the FDCPA are not time barred.

---

[3] A copy of the November 9, 2016 Notice of Electronic Filing of Case Opening Initial
Assignment is attached as Exhibit C.
[4] A copy of the November 18, 2016 Notice of Electronic Filing of Order Granting IFP
Application is attached as Exhibit D.
[5] A copy of the December 8, 2016 Notice of Electronic Filing of Electronic Summons Issued is
attached as Exhibit E.
[6] A copy of the November 9, 2016 signed Summons is attached as Exhibit F.

## II.   AS THE FDCPA CLAIM IS WITHIN THE STATUTE OF LIMITATIONS, THERE EXISTS A FEDERAL QUESTION AND SUBJECT MATTER JURISDICTION OVER THE STATE AND COMMON LAW CLAIMS.

As explained in Section I, *infra*, Plaintiff filed her complaint in the instant action with the statute of limitations for FDCPA claims. As a result, Defendant's second argument is moot. This Court has supplementary jurisdiction over Plaintiff's claims under G.B.L. § 349 and common law, pursuant to 28 U.S.C. § 1367, because they share a common nucleus of operative fact with the federal claim and are so related to the federal claim as to form part of the same case or controversy under Article III of the United States Constitution.

Defendants incorrectly maintain that "a federal claim under G.B.L. § 349 must involve a larger group of injured Plaintiffs" and cites Teller v. Bill Hayes, Ltd. for this proposition. Teller v. Bill Hayes Ltd. 213 A.D.2d 141 (2d Dept. 1995); Def.'s Mem. Supp. 7. The facts in Teller involved a commercial contract claim for $1,250,000.00. The language which Defendants cites from Teller of "single-shot, private contract dispute…" is in the context of a single commercial transaction for the rental of Shea Stadium and involved "complex arrangements, knowledgeable and experienced parties and large sums of money involved." Teller, 213 A.D.2d at 147 (citing Genesco Entertainment v Koch, 593 F. Supp. 743, 751 (S.D.N.Y. 1984).

Unlike the facts in Teller, the present case involves multiple collection attempts against a low-income consumer by Defendants. As stated in the Complaint, it is the regular and repeated practice of Defendants to refuse to follow the requirements of the FDCPA; this conduct has been repeated against many tenants and has an impact on the public at large. Compl. ¶ 45. Under the standard for deciding a Motion to Dismiss, taking all factual allegations to be true and drawing all reasonable inferences in favor of Plaintiff, Ms. Sanchez has established that Defendants' conduct is consumer oriented and impacts the public at large. Harris v. Mills, 572 F.3d 6, 71 (2d

Cir. 2009). Defendant's contention that G.B.L. § 349 does not apply to residential tenants is addressed further herein.

**III.   THE COMPLAINT STATES CLAIMS FOR NEGLIGENCE PER SE AND GROSS NEGLIGENCE, BASED UPON DEFENDANTS' DUTY DERIVED FROM THE FDCPA, G.B.L. § 349, AND COMMON LAW.**

The threshold question in a negligence claim is whether the defendant owes the plaintiff a duty of care. In re September 11 Litig., 280 F. Supp. 2d 279, 290 (S.D.N.Y. 2003). Absent a duty, a defendant cannot be liable for negligence. Id. The existence of a duty is a "legal, policy-laden declaration reserved for judges." Id. Courts generally balance factors "including the reasonable expectations of parties and society generally, the proliferation of claims, the likelihood of unlimited or insurer-like liability, disproportionate risk and reparation allocation, and public policies affecting the expansion or limitation of new channels of liability." Id., quoting Palka v. Servicemaster Mgt. Services Corp., 83 N.Y.2d 579, 588 (1994).

Citing the standard for professional negligence, Defendants argue that without an attorney-client relationship between Defendants and Ms. Sanchez, they owe her no professional duty of care. This straw man argument ignores the Defendants' duty of care imposed by statute and common law.

Under New York law, where a statutory scheme is aimed at protecting a distinct class of persons from a particular harm, the statute may be seen as creating an additional standard of care benefiting those persons. Barnes v. Stone-Quinn, 195 A.D.2d 12, 16 (4th Dept. 1993) (duty of property owners imposed by ordinance controlling the height of structures on corner lots). The violation of a statute may only be negligence as to the class intended to be protected by the particular enactment. Id. As a rule, violation of a state statute that imposes a specific duty

constitutes negligence per se, or may even create absolute liability. Elliot v. City of New York, 724 N.Y.S.2d 397, 399 (2001).

Here, state and federal statutes impose a duty of care on Defendants as stated in the complaint.

First, New York G.B.L. § 349 was designed "to protect consumers from various forms of consumer fraud and deception." Bildstein v. MasterCard Intern. Inc., 329 F. Supp. 2d 410, 413 (S.D.N.Y. 2004); See also GBL § 601. It sets a clear standard of care by prohibiting specific practices and provides a private right of action to injured parties. Id.

Second, the FDCPA was designed to "eliminate abusive debt collection practices by debt collectors." 15 USCA § 1692(e). The Second Circuit has recognized that abusive debt collection practices can include a landlord's lawyer's illegitimate attempts to collect rent from tenants. Romea v Heiberger & Assoc., 163 F.3d 111, 118 (2d Cir. 1998). Ms. Sanchez is a member of the protected class. Compl. ¶¶ 1-7, 28, 73. It sets a standard of care by listing specific obligatory and prohibited practices. 15 U.S.C. §§ 1692(d), (e), (f), and (h).

Apart from statutory sources of a duty, federal courts applying New York common law have also held that creditors and debt collectors owe debtors a duty of reasonable care in the collection of debts. Hawkins-El v. First Am. Funding, LLC, 891 F. Supp. 2d 402, 412 (E.D.N.Y. 2012) (finding duty but no breach by debt collector), affd, 529 F. Appx. 45 (2d Cir. 2013); Colorado Capital v. Owens, 227 F.R.D. 181, 191 (E.D.N.Y. 2005) (citing Russell v. Equifax A.R.S., 74 F.3d 30, 32 (2d Cir. 1996)).

Defendants' position resembles the one rejected by the district court in Finnegan v. Univ. of Rochester Med. Ctr., 21 F. Supp. 2d 223, 229 (W.D.N.Y. 1998), where the defendants argued the plaintiff's FDCPA claim was barred by the statute of limitations and there could be no

10

negligence without a duty. The court denied that motion, and Ms. Sanchez requests the same result here.

Defendants do not contest that the complaint sufficiently pleads the remaining elements of the fifth and sixth causes of action. The complaint, taken as true on this motion to dismiss, alleges Defendants breached their duty through the same abusive practices that violate the FDCPA and GBL.

Defendants do not contest that the conduct alleged is the proximate cause of the resulting injury, which requires that the negligence was a substantial and foreseeable factor in bringing about the injury. See, e.g., Craig Test Boring Co., Inc. v. Saudi Arabian Airlines Corp., 138 F. Supp. 2d 553, 557 (S.D.N.Y. 2001).

The alleged damages—emotional distress, medical problems, stress, humiliation, litigation, and tenant blacklisting—are cognizable damages for a negligence claim. Compl. ¶ 47, 76-77; Colorado Capital v. Owens, 227 F.R.D. 181, 192 (E.D.N.Y. 2005).

The complaint states, and Defendants do not contest, the required elements and facts to sustain a claim for punitive damages and gross negligence. Compl. ¶¶ 77-81. See Randi A.J. v. Long Is. Surgi-Ctr., 46 A.D.3d 74, 80 (2d Dept. 2007); Lee Sharoni, Ltd. V. Honeywell, Inc., 206 A.D.2d 462, 462 (2d Dept. 1994).


## IV.   THE TRANSACTIONS BETWEEN DEFENDANTS AND PLAINTIF WERE CONSUMER ORIENTED AND DEFENDANTS' PATTERN AND PRACTICE OF BEHAVIOR HAS AN IMPACT ON THE PUBLIC AT LARGE.

### A.   DEFENDANTS' OFFENDING CONDUCT IS CONSUMER ORIENTED AND WITHIN THE SCOPE OF G.B.L §349.

New York's General Business Law §349 prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service". G.B.L. §349(a).

To prevail on this claim, a plaintiff must prove that the act or practice (1) was materially deceptive or misleading, (2) constitutes consumer-oriented conduct, and (3) caused injury to the plaintiff. Reynolds v. Lifewatch, Inc., 136 F. Supp. 3d 503 (S.D.N.Y. 2015); Friedman v. Maspeth Fed. Loan and Sav. Ass'n, 30 F. Supp. 3d 183, 191-92 (E.D.N.Y. 2014). The Defendants in the instant action challenge whether their conduct was consumer-oriented in nature. Def.'s Mem. Supp. 10-11.

The consumer-oriented prong may be met by showing that the acts and practices complained of "potentially affect similarly situated consumers". Wilson v. Northwestern Mut. Ins. Co., 625 F.3d 54 (2d Cir. 2010) (quoting Oswego Laborers' Local 214 Pension Fund v. Marine Midland Bank, N.A., 647 N.E.2d 741 (N.Y. 1995)). While a pattern of deceptive conduct is no longer required, the plaintiff must demonstrate that the acts or practices "have a broader impact on consumers at large." Id. Private disputes unique to the parties are not within the scope of the statute. Oswego Laborers', 647 N.E.2d at 744. General Business Law §349 seeks to address conduct "directed against the consuming public, and not a 'single-shot transaction' or between sophisticated corporate parties." Silverman v. Household Fin. Realty Corp. of New York, 979 F. Supp. 2d 313 (E.D.N.Y. 2013).

The cases cited by Defendants to support their argument that the G.B.L. §349 claim should be dismissed are distinguishable from the instant action. In Silverman, for example, the claim involved whether the Plaintiffs' unique debt to income ratio was proper, as well as particularized advice given to them by the defendant. 979 F. Supp. 2d at 318. In Jagger v. Katz Park Ave. Corp., the plaintiff's claim was based on water penetration and mold contamination in her individual apartment unit, issues that were clearly specific to the plaintiff's particular situation. 943 N.Y.S.2d 792 (Table) (N.Y. App. Term 2011) (unreported). Both of these cases

12

involve transactions that are far more individual and particularized than the facts of the instant action. Indeed, neither case demonstrated that the conduct complained of had a wider impact on other tenants or consumers.

In Aguaiza v. Vantage Props., LLC, the G.B.L. § 349 cause of action was based on an array of conduct and activities that violated the rights of rent-stabilized tenants afforded to them by statute, rather than rights afforded to them as consumers of housing services. 2009 WL 1511791, 2009 N.Y. Slip Op. 31144(U) (N.Y. Sup. 2009). The facts in the present case differ from Aguaiza on several grounds. First, Ms. Sanchez's dispute does not revolve around rent stabilization claims, but rather deceptive debt collection attempts by Plaintiff through numerous misleading notices. Second, Ms. Sanchez does not have the "statutory protections cloaking a rent stabilized tenant at the inception of that tenant's leasehold interest which protects that tenant and his or her successor in perpetuity". Aguaiza, 2009 WL 1511791. Third, Ms. Sanchez alleges that it is the regular and repeated practice of Defendants to refuse to follow the requirements of the FDCPA; this conduct has been repeated against many tenants and has an impact on the public at large. Compl. ¶ 45. Fourth, Aguaiza involved a dispute between landlord and tenant, while the Defendants are being sued for their deceptive business practices as debt collectors, their failure to do meaning review of their claims before initiating litigation, and for pursuing eviction proceeding and collection attempts even after they had actual notice and knowledge that Ms. Sanchez did not owe the debt claimed. Compl. ¶ 47. Last, Ms. Sanchez has suffered direct financial, mental, and emotional injuries that resulted in visits to medical professionals and the threat of homelessness. (Id. ¶ 47. There has been an impact on the public at large due to Defendants' regular practice of seeking rent amounts that are not owed. Id. ¶ 45.

13

The New York Court of Appeals has repeatedly determined "that the common law was inadequate to protect a consumer in today's rental and housing market." Caceci v. Di Canio Consr. Corp. 72 N.Y.2d 52, 530 N.Y.S.2d 771 (N.Y. 1988); Park West Mgmt. Corp. v. Mitchell, 47 N.Y.2d 316, 418 N.Y.S.2d 310, cert denied, 444 U.S. 992 (N.Y. 1979). In Park West, after discussing the common law of leaseholds, the Court of Appeals held that a residential lease was "effectively deemed a sale of shelter and services by the landlord," and thus analogous "to the law of sales". Park West, 47 N.Y.2d at 324-25 (considering Real Property Law § 235). A recognition of the complexities of today's housing market and the fact that poor and unsophisticated consumers are often the targets of unscrupulous landlords argues for consistent consumer protection and the applicability of GBL § 349. There is no consumer good or service, after all, more fundamental than securing shelter for oneself and one's family.

The Aguaiza decision is further refuted by other New York court decisions that have maintained that landlord tenant disputes are a proper basis for GBL § 349 claims. See Meyerson v. Prime Realty Services LLC, 796 N.Y.S.2d 848 (N.Y. Sup. Ct. 2005) (compiling cases; "…the dispute is not simply a private contract dispute and generally claims involving residential rental units are a type of claim recognized under the statute"); Lozano v. Grunberg, 195 A.D.2d 308 (1st Dept. 1993) (tenant stated claim under G.B.L. § 349 based on landlord's issuance of deceptive dispossess notices based on late rent payments); 23 Realty Associates v. Teigman, 213 A.D.2d 306 (1st Dept. 1995) (Department of Consumer Affairs given notice that offering of rental housing is a legitimate area of interest for consumer protection against deceptive advertising and misrepresentation); Frazier v. Priest, 534 N.Y.S.2d 846 (N.Y. Jefferson City Ct. 1988) (GBL § 349 applies to the landlord-tenant relationship); Bryant v. Casco Bay Realty Ltd. 69135/12, NYLJ 1202726157374 at *1 (N.Y. Sup. Ct. 2015); Miller v. Boyanski, 25 Misc. 3d 1228(A), 906

N.Y.S.2d 774 (Table) (N.Y. Watertown City Ct. 2009). The defendants' point to no indicated legislative intent to exempt those engaged in the residential real estate business from compliance with consumer protection laws.

Likewise, federal courts within this Circuit have applied GBL § 349 in the landlord-tenant context, where tenants allege harm caused by the deceptive acts of their landlords. Sorrentino v. ASN Roosevelt Center LLC, 579 F. Supp. 2d 387 (E.D.N.Y. 2008). This Court previously rejected Defendants' argument when it held "Defendants argue that a landlord-tenant relationship is contractual, not consumer oriented, and therefore not subject to the consumer protections laws. However, New York courts, interpreting consumer protection statutes, give tenants private rights of action against their landlords." Buyers and Renters United to Save Harlem v. Pinnacle Group N.Y. LLC, 575 F. Supp. 2d 499 (S.D.N.Y. 2008) (citing Travieso v. Gutman, 1995 WL 704778, *7 (E.D.N.Y. 1995).

In this action, the Complaint pleads sufficient facts to find that Defendants' conduct was consumer-oriented in nature. Defendants regularly initiate eviction cases against Section 8 tenants on behalf of its clients, including 682 Inwood Owner.[7] Upon information and belief, Defendants utilize a similar system and practice for reviewing, verifying, tracking, and handling its Section 8 eviction cases. Thus, the conduct complained of here is neither a solely private dispute nor is it a "single-shot transaction". Because this conduct is directed at all of the tenants it sues, it is directed at the consuming public. As in Oswego Laborers', the type of transaction complained of was not unique to these specific parties.

---

[7] According to the New York State Unified Court System's electronic records ("eCourts"), as of March 8, 2017, Defendant was the attorney of record in 707 active Landlord Tenant cases throughout New York City. eCourts, https://iapps.courts.state.ny.us/webcivil/ecourtsMain.

Defendants admitted by email that its system included any owing NYCHA Section 8 portion of Ms. Sanchez's rent on her tenant rent bill. Compl. 14, ¶ 59. By stating "that's how the system works," Defendants indicated that this practice was not limited to Ms. Sanchez's account, but rather was implemented system-wide. Id. Thus, this conduct is likely to have affected and continue to affect all NYCHA Section 8 recipients in any buildings handled by Defendants. Defendants' response further indicates that they had no intention of performing further review of their client's system, their own system, or their own acts and practices to ensure such misleading behavior ceased in the future, with respect to Ms. Sanchez as well as to other NYCHA Section 8 tenants.

### B. Plaintiff has laid out a prima facie case for Abuse of Process.

As Defendants state in their Motion to Dismiss, an abuse of process claim has three elements: (1) regularly issued process; (2) an intent to harm without excuse or justification, and (3) use of process to obtain a collateral objective. See, e.g., Tacopina v. O'Keefe, 2015 WL 5178405 (S.D.N.Y. 2015). Defendants allege that this claim fails in the instant action because the conduct complained of was private in nature, and because process was not used to obtain an illegitimate collateral objective. Def.'s Mem. Supp. 12.

As stated in Section IVA, infra, the conduct upon which this action is brought was not solely private in nature. Further, Defendants provide no support for its assertion that an abuse of process claim may not be based upon a private transaction. As such, this allegation should be dismissed as unfounded.

For the third prong, courts have explained, "the crux of a malicious abuse of process claim is the collateral objective element. To meet this element, a plaintiff must prove not that defendant acted with an improper motive, but rather an improper purpose—that is, he must claim

16

that [the defendant] aimed to achieve a collateral purpose beyond or in addition to his criminal prosecution." Douglas v. City of New York, 595 F. Supp. 2d 333, 344 (S.D.N.Y. 2009) (internal quotation marks and citation omitted).

In the instant action, Defendants' offending conduct includes not only the issuance of process and commencement of eviction proceedings, but also Defendants' collection efforts thereafter, including pressuring Ms. Sanchez to make payments and/or to settle at various resulting court appearances. Upon information and belief, Defendants had several improper purposes in pursing collection of the Section 8 portion of Ms. Sanchez's rent from her and in filing repeated non-payment actions.

One purpose was the illegal eviction of Ms. Sanchez, a low-income tenant receiving a rental subsidy, so that her unit could be rented to a higher-paying tenant. While an eviction is normally a proper purpose in filing an eviction proceeding, an unsubstantiated eviction is not. Defendants' petitions in the underlying housing cases each falsely alleged that Ms. Sanchez owed significant portions of her rent. Defendants cannot claim that an eviction based on false information was within the legitimate ends of the process in this case. A second improper purpose was to harass and pressure Ms. Sanchez into paying a portion of her rent she didn't actually owe, thereby resulting in a larger recovery for Defendants and their client than they were legally entitled to. Solely sending rent demands to Ms. Sanchez would not have the same effect as hailing her to court to defend her ability to stay in her home. By filing an eviction case, Defendants gained additional leverage in pressuring Ms. Sanchez to pay money both parties knew she didn't actually owe. Lastly, Defendants used the repeated eviction proceedings against Ms. Sanchez as a method of collecting the Section 8 portion of rent from NYCHA, the entity actually owing the money sued for. By filing cases against Ms. Sanchez and alleging that she

17

owed rent, Defendants were thereby able to subpoena NYCHA and force it to make payments for the money owed. Instead of suing NYCHA, the entity responsible for the unpaid rent underlying each action, Defendants instead repeatedly issued process against Ms. Sanchez, using those cases as a means to pressure both Ms. Sanchez and NYCHA to make payments.

## CONCLUSION

For the aforementioned reasons, we respectfully request that this Court deny Defendants' Motion to Dismiss and allow this action to proceed.

Respectfully submitted,

Dated: March 16, 2017
   Kew Gardens, NY

Tashi T. Lhewa, Esq.
Of Counsel to Seymour W. James, Jr.
The Legal Aid Society
Attorneys for Plaintiff
120-46 Queens Blvd., 3rd Floor
Kew Gardens, NY 11415
(718) 286-2474
ttlhewa@legal-aid.org

TO: Lawrence C. McCourt, Esq.
   Heiberger & Associates, P.C.
   Attorneys for Defendants –
   Robert C. Ehrlich, Jamie L. Heiberger,
   And Heiberger and Associates, P.C.
   589 8th Avenue, 10th Fl.
   New York, NY 10018
   (212) 532-0500